UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

    Plaintiff,

v.                                               CAUSE NO. 3:19-CV-997-DRL-MGG

STERLING,

    Defendant.

OPINION AND ORDER

    James Edward Harris, Jr., a prisoner without a lawyer, filed a complaint against Booking Commander Sgt. Sterling alleging that Sgt. Sterling's negligence caused him to miss an important court date regarding his parental rights. As a result, he did not know what transpired at the hearing, and he was unable to seek additional time to complete the programs necessary for him to regain custody of his daughter. Instead, a hearing was scheduled to determine if his parental rights should be terminated. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

    While it is unfortunate that Mr. Harris missed an important court date through no fault of his own, "mere negligence—even gross negligence—does not violate the Constitution." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). Furthermore, the only harm that Mr. Harris alleges is that he was unable to request a continuance. Mr. Harris indicates that he is represented by counsel in the proceeding regarding his parental rights. It is unclear if his counsel requested a continuance, but presumably his

counsel represented him. It is also unclear whether Mr. Harris or his counsel made a written request for a continuance of the upcoming hearing regarding the termination of his parental rights. That said, aside from there being no constitutional violation, Mr. Harris has not asserted that he suffered any harm beyond the frustration of not being present for the hearing. "There is . . . a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). Here, the imposition upon Mr. Harris does not implicate the Constitution.

Though it is usually necessary "to give *pro se* litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

December 30, 2019                              *s/ Damon R. Leichty*
                                                              Judge, United States District Court